UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NICHOLAS DYKES,

      Plaintiff,                          CASE NO.:

v.

FLORIDA WALL CONCEPTS INC., A
Florida Profit Corporation,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NICHOLAS DYKES ("Mr. Dykes" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, FLORIDA WALL CONCEPTS INC., a Florida Profit Corporation ("FWC" or "Defendant"), and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201 *et seq*., hereinafter called the "FLSA"), and the Family Medical Leave Act ("FMLA") to recover unpaid overtime wages, compensatory damages, lost wages/front pay/backpay, an additional equal amount as liquidated damages, and declaratory relief, reasonable attorney's fees and costs, and any and all further relief permitted by law.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b) and 29 U.S.C. § 2601, *et seq.*

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the FMLA, and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

**PARTIES AND COVERAGE**

4.      At all times material hereto, Plaintiff was, and continues to be, a resident of Osceola County, Florida.

5.      At all times material hereto, Plaintiff worked for Defendant in Seminole County, Florida.

6.      Defendant is an employer as defined by the FLSA and the FMLA, in that Defendant, during all times relevant and in each year during the relevant statute of limitations, grossed in excess of $500,000.00 per year in revenue, had fifty (50) or more employees within a seventy-five (75) mile radius of where Plaintiff worked, and had employees regularly engaged in interstate and intrastate commerce.

7.      At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) necessitated FMLA leave for the birth of his child; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

8.      At all times material hereto, Defendant was engaged in commerce, or the production of goods for commerce and/or Plaintiff was individually engaged in commerce for FLSA coverage purposes.

**STATEMENT OF FACTS**

9.      Plaintiff worked for Defendant as a non-exempt "Supervisor" from September 2, 2016, through November 1, 2019.

10.      During his tenure, Plaintiff was an exceptional employee, and had no substantial

or documented history of performance, attendance, or disciplinary problems.

**The FLSA Overtime Claim**

11.     Plaintiff for worked Defendant as a "Supervisor" in the construction industry.

12.     Despite his managerial title, Plaintiff primarily performed manual labor for the majority of his hours worked for Defendant.

13.      Plaintiff had no hiring or firing authority, or input into any hiring or firing decisions.

14.     Further, Plaintiff's job performance and duties were closely supervised and subject to ongoing direction.

15.     Despite the foregoing, Defendant knowingly and deliberately misclassified Plaintiff as an "exempt" salaried employee, and did not pay him any overtime premium for each hour that he worked in excess of forty (40) in each given work week.

16.     During his tenure as a "Supervisor," Plaintiff routinely worked more than forty (40) hours per week.

17.     Plaintiff should have been compensated at the rate of one and one-half times his regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA throughout his employment.

18.     Defendant violated Title 29 U.S.C. §207 in that: (a) Plaintiff worked in excess of forty (40) hours in one or more workweeks; and (b)  no payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per work week, as provided by the FLSA.

19.     Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

20.     Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

21.     Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

22.     Based on the allegations in Paragraphs 19-21 above, Plaintiff is entitled to liquidated damages as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

**The FMLA Claims**

23.     Plaintiff necessitated FMLA leave for the birth of his child in October 2019.

24.     Plaintiff notified Defendant of same and of his intention to be away for the birth of his child and care thereafter, from October 30, 2019, through November 6, 2019.

25.     Despite putting Defendant on notice of his need for what should have been FMLA protected leave, Defendant failed to notify Plaintiff of his FMLA rights, let alone offer Plaintiff FMLA leave, or provide him with FMLA certification forms.

26.     Plaintiff was way from work for the foregoing reason from October 30, 2019, through November 6, 2019.

27.     Upon his attempted return to work from what should have been FMLA protected

leave, Defendant terminated Plaintiff's employment.

28.     As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

29.     Moreover, because Defendant acted with intent to interfere with, and otherwise retaliate against, Plaintiff for his use of what should have been protected FMLA leave, Defendant's actions likewise constitute FMLA retaliation.

30.     The timing of Plaintiff's use of what should have been protected FMLA leave, and Defendant's termination of his employment, alone demonstrates a causal and temporal connection between his protected FMLA activity, and the illegal actions taken against him by Defendant.

31.     Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for his use of what should have been FMLA protected leave.

32.     As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

33.     Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

34.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

<u>**COUNT I-**</u>
<u>**VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION**</u>

35.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 6, and 8-22, of the Complaint, above.

36.     Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

37.     Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

38.     Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

39.     Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

40.     Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

41.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

a.     Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

b.     Awarding Plaintiff liquidated damages in an amount equal to the overtime and back wages award;

c.     Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d.     Awarding Plaintiff pre-judgment interest;

e.      Awarding any and all relief that this Court deems proper under the FLSA.

## COUNT II
## FMLA INTERFERENCE

42.      Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-10, and 23-34, of the Complaint above.

43.      At all times relevant hereto, Plaintiff was protected by the FMLA.

44.      At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

45.      At all times relevant hereto, Defendant interfered with Plaintiff by failing to properly notify Plaintiff of his FMLA rights.

46.      As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

47.      As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III- FMLA RETALIATION

48.      Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-10, and 23-34, of the Complaint above.

49.      At all times relevant hereto, Plaintiff was protected by the FMLA.

50.     At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

51.     At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his use of what should have been FMLA protected leave.

52.     Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised his right to take approved leave pursuant to the FMLA.

53.     As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

54.      As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: January 15, 2020

<div style="margin-left: 50%;">

**By: /s Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Celler Legal, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Attorney for Plaintiff*

</div>